BY THE COURT.
The act of assembly of the 25th February, 1820, 29 O. L. 217, makes a notefor money payable to any person or to *bearer, negotiable by endorsement, so as to vest the property [304 in it in the endorsee, and confers upon him power to sue it in his own name. The case in 2 O. 227, and the later case in 3 O. 49, were upon notes payable in cattle or goods, which, not being payable in money, were held not within the statute. In suits upon notes which are not negotiable, or which have been transferred by delivery, without endorsement, the holder is required to show how he became possessed of the note before he can give it in evidence. The rule is inapplicable to the case before us, and the objection fails.
Cole then offered in evidence a paper transferring to the defendants the patent right to use, &e., in the county.
He stated that he would offer other evidence to prove Beach the co-partner of the plaintiff, the partnership agent in vending rights, and, that the note in evidence was given solely for the privilege transferred.
T. Corwin, for the plaintiff, objected.
This is a negotiable note, which has been negotiated before the money became due, and this evidence is inadmissible to defeat a recovery upon it by the endorsee.
Cole then offered another paper much mutilated by time and accident,
which he claimed, and offered to prove, was a condition of defeasance to the notej executed at the same time. He offered evidence to supply those parts of the note which are now obliterated.
Corwin objected that the note could not be explained by another contract.
The note being read, the defendants set up as a defence, that Beach, the payee of the note, was a co-partner with the plaintiff and others in vending patent rights to use the Elementary Circulating Steam Engine — -that Beach, as agent for sales, took the note in question to himself for a right sold to the defendants — that the consideration of the note moved from the plaintiff and his co-partners to the defendants — that the note was and is subject to certain written stipulations, executed at the same time with the note, that the defendants should either pay eighty dollars for the right of the county or only account for the proceeds of their sales to others as they sold rights — that the patent was entirely useless, and- no sales to others had been made. Upon these points much evidence was examined.
BY THE COURT. If the plaintiff be an innocent holder of the note without notice, the objection will prevail; but it will be unavailable if the plaintiff was one of the real payees of the note, being a partner in interest in it, or if he had no interest, and took the note with notice of the defence set up. As a link in the chain of evidence to make out the defence, the testimony offered goes to the jury. It is most convenient to hold parties to introduce their evidence of facts in the chronological order of the events to be es-305] tablished. Though *we have not been very strict in requiring this, we expect counsel to observe the rule as near as they can.
The paper was then read.

T. Corwin

cited 2 Stark. Ev. 469, 70, 1; and argued to the jury.
Buck and Cole contra.
■ BY THE COURT. The assumption of the defence is, that the paper now offered, was given when the note was, and evidences another part of the same contract — the note and this paper containing the entire contract. If this is true, the court and jury should have the whole contract to understand its legal import. Whether true or not, is a question of fact for the jury, and can only be determined by them upon evidence submitted to them. The evidence •offered is competent and conduces to establish the fact set up — its •effect is with the jury, not at present with the court. Such evidence is admitted even in cases of deeds and bonds, where the condition of defeasance which controls the deed or bond is upon a separate piece of paper — and evidence of a condition resting merely upon oral testimony is frequently admitted. In this equitable action, as between the parties to a contract, we are at liberty to ascertain, if we can, the actual transaction, and the plaintiff can only recover in accordance with the justice and equity of his real case. The elipses in the paper may be supplied by other testimony, if it can be done, ■ upon the principle that would admit proof of the contents of a writing wholly lost, or destroyed. The paper goes to the jury now for what is proven on its face.
WRIGHT, J. to the jury. The plaintiff claims to recover upon -the note read to you in evidence, and he has a right to your verdict, for the amount of the note with interest, unless the defendants have ■satisfied you by evidence of some legal defence; the obligation to establish the grounds of defence rests on the defendants, and if the ■evidence fail to satisfy of the facts involved in it the defence fails. If, therefore, on the evidence, you find that in fact the plaintiff was mot a partner with Beach when the note was given, and afterwards .acquired the note in the" course of business, without notice of any conditions or equities connected with it, your inquiries need be oar■*ried no farther than to find out the amount due to the plain- [306 tiff, for you should, in that state of case, return a verdict for him. But if the evidence convince you, either that the plaintiff was •originally a party in the transaction, for which the note was given, or that he had knowledge of the matters set up in defence when he received the note, or took it after it fell due; in either case it is your duty to examine into the whole transaction. If you find the mote was given for a patent right which is wholly .useless, the con *312 sideration of it has failed, the plaintiff has no right to recover. A patent right may he a good consideration for a contract to pay money, and it is, no defence to, the note that, the defendants have not realized as great profit by their purchase as they expected — but if the patent were of no use, there, was no consideration for the-promise to pay. So too, if the evidence satisfy you the note was-obtained by fraud, the plaintiff is not entitled to a verdict.
If it he necessary in settling the rights of these parties to inquire whether the mutilated paper was a part of the original contract,, given to show the conditions on which payment of the note would be exacted, and if so, you will give it the same effect as you would if it were written out in full in the body of tbe note; and it contain, a stipulation fo pay nothing on the note, unless on account of sales-of the patent right,, the plaintiff cannot recover■ unless it appear in some way that sales have been effected. We do not concur with: the counsel for the plaintiff, that the defendants are bound to introduce evidence that no sales have been made. As a general rule the party with whom lies the affirmative of any matter necessary to make out his case, is bound to prove it, th.ough the evidence required of him may he more or less circumstantial or particular, according as it may appear that his relation to the subject to be-proven afford him opportunity of knowing the facts to be established — slight evidence in some cases, will cast the burthen from Mm on to his adversary. If the condition he to pay when sales are effected, or leaving it optional with the defendants to pay after-sales are- made, the note is not due until sales are made, and the fact of sales having been made is essential to the plaintiff’s title,, and if you have no proof of sale, the verdict should he against him.. If, again, the condition is to pay at the option of the plaintiff a less-sum than the face of the note, before sales are made, the plaintiff, may recover to that extent; though he has no right beyond that sum,He may recover .what in equity and good conscience he proves a. right to.
Verdict for the defendant, and judgment.